**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 7, 2016

LETTER TO COUNSEL

      RE:    *Pamela Sue Masters v. Commissioner, Social Security Administration*;
                Civil No. SAG-15-2453

Dear Counsel:

      On August 19, 2015, Plaintiff Pamela Sue Masters petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      On July 28, 2011, Ms. Masters filed her claims for benefits, alleging a disability onset date of September 7, 2010. (Tr. 168-81). Her claims were denied initially and on reconsideration. (Tr. 106-13, 120-23). A hearing was held on February 12, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 28-61). Following the hearing, the ALJ determined that Ms. Masters was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-27). The Appeals Council denied Ms. Masters's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Masters suffered from the severe impairments of major depressive disorder with psychotic features, rule out dysthymia, rule out bipolar disorder, learning disorder not otherwise specified, and anxiety. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Masters retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: work limited to simple, routine, repetitive tasks in a low stress job, which is defined as few if any workplace changes, and only occasional decision-making; work can be around coworkers throughout the day, but with only occasional interaction with coworkers; and occasional interaction with the public.

*Pamela Sue Masters v. Commissioner, Social Security Administration*
Civil No. SAG-15-2453
June 7, 2016
Page 2

(Tr. 20-21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Masters could perform her past relevant work as a hand packager, and that, therefore, she was not disabled. (Tr. 26).

Ms. Masters raises three primary arguments on appeal: (1) that the ALJ's analysis was deficient under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (2) that the ALJ assigned insufficient weight to the opinion of her treating physician; and (3) that the ALJ erred in assessing her credibility. Pl. Mot. 7-13. Although Ms. Masters's latter arguments lack merit, I concur that *Mascio* mandates remand. In so determining, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Masters was not entitled to benefits is correct or incorrect.

Beginning with the unsuccessful arguments, Ms. Masters contends that the ALJ should have assigned greater weight to the opinions of her treating physician, Dr. Adler. However, the ALJ provided a thorough discussion of her evaluation of Dr. Adler's opinions, citing to the specific evidence the ALJ believed to contradict Dr. Adler's conclusions. (Tr. 24-26). Specifically, the ALJ relied upon Ms. Masters's activities of daily living, her scores on standardized testing, and her ability to participate fully and cooperatively in doctors' appointments, in addition to internal inconsistencies in Dr. Adler's opinions, the relatively sparse medical record kept by Dr. Adler, and the infrequency of appointments with Dr. Adler. (Tr. 22, 24-26). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Masters's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Applying those standards, I conclude that the ALJ's assignment of weight was supported by substantial evidence.

Similarly, Ms. Masters's challenge to the ALJ's credibility determination falls short. The credibility determination made by an ALJ warrants substantial deference, and should not be disturbed absent "exceptional circumstances." *Bishop v. Comm'r of Soc. Sec.*, 583 Fed. App'x 65, 68 (4th Cir. 2014) (citing *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997)). Such circumstances included cases where the credibility determination "[was] unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all." *Eldeco*, 132 F.3d at 1011 (internal quotations omitted). Here, the ALJ cited to the same evidence as that used to assign less weight to Dr. Adler's opinions in concluding that Ms. Masters's subjective complaints were not entirely credible. In light of that substantial evidence, I find no exceptional circumstances, and therefore affirm the ALJ's credibility determination.

Ms. Masters fares better, however, with her *Mascio* argument. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, the ALJ found Ms. Masters to have a moderate limitation in concentration, persistence, and pace. (Tr. 19-20). The ALJ's explanation in support of that finding, however, appears to suggest more of a mild limitation. For example, the ALJ repeatedly cites to Ms. Masters's ability to count change and follow instructions, and to her high scores on standardized tests designed to measure "cognitive ability, memory, writing and reading ability and the ability to follow instructions." (Tr. 19, 23, 24, 25). The ALJ imposed no limitations in the RFC assessment to address an inability to sustain concentration, and at no point in the opinion does the ALJ discuss, for example, an ability to sustain concentration during simple tasks but difficulties with complex ones. Thus, this case is readily distinguishable from *Dean v. Comm'r, Social Sec. Admin.,* No. SAG-14-1127, 2015 WL 1431548, *1-2 (D. Md. Mar. 26, 2015). In *Dean,* the ALJ provided a clear explanation of the reasons for assessing a moderate limitation and the reasons why that limitation did not require a particular restriction in the RFC assessment. *Id.* No such analysis is present in this case. Accordingly, remand is warranted so that the ALJ can fulfill her duty of explanation as to the reasons for the moderate limitation and the reasons for the lack of restriction dealing with sustained concentration in the RFC assessment.

For the reasons set forth herein, Ms. Masters's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge